## Commonwealth v. Trubic

*William F. Morgan*, District Attorney, for Commonwealth.

*Stanley Pecora*, for defendant.

WOLFE, P. J., September 24, 1973.—This matter is before us on appeal by defendant following his conviction in the magistrate court for violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1028, as amended, 75 PS § 1028(a).

This section makes it unlawful for the driver or operator of a vehicle to disobey the directions of any traffic signal or signs placed in accordance with the provisions of the act unless otherwise directed by a peace officer.

On July 24, 1973, a township police officer was surveilling Pennsylvania Legislative Route 6, a four-lane highway with a medial strip, from his position on an intersecting street. Defendant was observed traveling east on Route 6 and came to a stop just east of Fireman

Street, put his vehicle in reverse and after backing, made a "U" turn and proceeded west, at which time he was stopped and arrested for violation of the foregoing section in that Route 6 had erected thereon "No Turns" signs.

Defendant does not question his conduct but asks the court to excuse him because the electrical system in his vehicle was not functioning properly and he smelled smoke and made his turn to proceed to a garage that he had just left after the car had been repaired.

It is questionable if defendant was, in fact, confronted with an emergency situation but, notwithstanding, there was a service station to his immediate right in the direction he was originally traveling where he could leave the highway without making any turn.

There is no provision in The Vehicle Code nor have we found any cases which permit the court to suspend the imposition of a verdict when the Commonwealth has proven its case beyond a reasonable doubt or defendant admits the violation but pleads extenuating circumstances for exoneration. We are aware the court does and often it is desirable and in the interest of justice to, suspend the imposition of sentence in a proper case and the law is not so callous as to follow the literal letter of the law and completely disregard human experiences.

We seriously question the applicability of the "emergency situation" in this case as the officer did not notice or smell any smoke coming from defendant's vehicle and, on the contrary, defendant discussed the point system with the officer as he was writing up defendant's citation. We think if the arresting officer is aware of the emergency situation, this falls within his prerogative to give a warning only or for to the

district attorney's office to ask the court for a non pros, which has not been done in this case.

The second issue raised by defendant is the failure of the magistrate to hold a hearing not less than three days nor more than 10 days as provided by Pennsylvania Rule of Criminal Procedure 119(f). Defendant testified he was not given his hearing within these time limits and the Commonwealth does not dispute this because the arresting officer was on vacation. Against defendant's denial that he agreed to a waiver of this rule for that reason is the transcript of the magistrate which indicates defendant was advised of the rule and defendant agreed to waive it.

No objections were filed to this alleged irregularity until defendant had perfected his appeal de novo.

In Commonwealth v. Beerson et al., 49 D. & C. 609 (1943), the court holds that when a defendant gives bail to appear at the next term of court, has been duly indicted and has raised no objections to the proceedings before the magistrate court, he has waived any irregularities:

"However, these defendants gave bail to appear at the approaching term of court. Their doing so waives any objections to the regularity of the proceedings. If the question were to be raised as to any irregularity in the proceedings, it could have been raised by obtaining writs of habeas corpus or by motions to quash the return of transcript of the committing magistrate. . . .

"After indictment and entry of bail, objections to the magistrate's transcript or to the affidavit on which the warrant was issued cannot be raised on motion to quash: Commonwealth v. Costello et al., 18 Dist. R. 1067; Commonwealth v. Williams, 12 D. & C. 423; Commonwealth v. Ettinger (No. 2), 37 Pa. C. C. 611; Commonwealth v. Dingman, 26 Pa. Superior Ct. 615."

For the foregoing reasons, we make the following

## ORDER

And now, to wit, September 24, 1973, we find defendant guilty as charged and, in absence of appeal, defendant is sentenced to pay the cost of prosecution and to pay a fine of $5 and in default thereof shall stand committed for a period of not more than three days to the Warren county Jail.